# Exhibit "1"



**Notice of Service of Process**

**null / ALL**
**Transmittal Number: 32912389**
**Date Processed: 12/17/2025**

| | |
|---|---|
| Primary Contact: | Leah Frederick<br>Sedgwick Claims Management Services, Inc.<br>8125 Sedgwick Way<br>Ste 200<br>Memphis, TN 38125-1128 |
| Electronic copy provided to: | Heather Jackson<br>Andrew Stillman<br>Beth Whipple<br>Brooke Turner<br>Kryon BOT<br>RoShandra Riddle |

| | |
|---|---|
| Entity: | Sedgwick Claims Management Services, Inc.<br>Entity ID Number  0527865 |
| Entity Served: | Sedgwick Claims Management Services, Inc. |
| Title of Action: | Prime Healthcare Management, Inc., A California Corporation vs. Sedgwick Claims Management Services, Inc., An Illinois Corporation |
| Matter Name/ID: | Prime Healthcare Management, Inc., A California Corporation vs. Sedgwick Claims Management Services, Inc., An Illinois Corporation (18345169) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Others |
| Court/Agency: | Los Angeles County Superior Court, CA |
| Case/Reference No: | 25STCV36464 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 12/16/2025 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Miller Barondess, LLP<br>310-552-4400 |
| Client Requested Information: | Claim Number(s): N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** SEDGWICK CLAIMS MANAGEMENT SERVICES
*(AVISO AL DEMANDADO):* , INC., an Illinois corporation

**YOU ARE BEING SUED BY PLAINTIFF:** PRIME HEALTHCARE
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* MANAGEMENT, INC., a
California corporation

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/15/2025 4:51 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Cervantes, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
111 N Hill St, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
25STCV36464

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Amnon Z. Siegel
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600, Los Angeles, CA 90067    (310) 552-4400

DATE: 12/15/2025    Clerk, by David W. Slayton, Executive Officer/Clerk of Court, Deputy
*(Fecha)*    *(Secretario)*    C. Cervantes    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., an Illinos corporation
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
Westlaw Doc & Form Builder-

Exh. 1 - 7

1  AMNON Z. SIEGEL (State Bar No. 234981)
   asiegel@millerbarondess.com
2  MICHAEL A. HALE (State Bar No. 319056)
   mhale@millerbarondess.com
3  MILLER BARONDESS, LLP
   2121 Avenue of the Stars, Suite 2600
4  Los Angeles, California 90067
   Telephone: (310) 552-4400
5  Facsimile: (310) 552-8400

6  *Attorneys for Plaintiff*
   PRIME HEALTHCARE MANAGEMENT, INC.

7

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10

11 PRIME HEALTHCARE MANAGEMENT,          CASE NO. 25STCV36464
   INC., a California corporation,
12                                        **COMPLAINT FOR:**
              Plaintiff,
13                                        **(1) FRAUD – INTENTIONAL**
        v.                                **MISREPRESENTATION,**
14                                        **CONCEALMENT**
   SEDGWICK CLAIMS MANAGEMENT
15 SERVICES, INC., an Illinois corporation, **(2) NEGLIGENT MISREPRESENTATION**

16            Defendant.                  **(3) NEGLIGENCE**

17                                        **(4) BREACH OF IMPLIED-IN-FACT**
                                          **CONTRACT**
18
                                          **(5) DECLARATORY RELIEF**
19

20                                        **[DEMAND FOR JURY TRIAL]**

21

22

23

24

25

26

27

28

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/15/2025 4:51 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Cervantes, Deputy Clerk

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

COMPLAINT

Exh. 1 - 8

1   Plaintiff Prime Healthcare Management, Inc. ("Prime") alleges in its Complaint against
2   Defendant Sedgwick Claims Management Services, Inc. ("Sedgwick") as follows:

3                          **NATURE OF THE ACTION**

4          1.     This action arises from Defendant Sedgwick's false promises and incompetent
5   performance in administering certain employee leave of absence and disability accommodation
6   programs that Prime outsourced to Sedgwick.

7          2.     Prime previously administered leave of absence and disability accommodation for
8   certain healthcare facilities who are members of the Prime Healthcare network, a leading health
9   system in the country for patient safety and among the most awarded in California ("Prime
10  Healthcare").  Prime Healthcare consists of over 50 hospitals and 300 outpatient locations across
11  the country, including 13 hospitals and medical centers in Southern California, providing over 2.5
12  million patient visits annually nationwide.

13         3.     While each independent hospital and facility in the Prime Healthcare network
14  previously administered their own leave of absence and disability accommodation program, Prime
15  Healthcare's facilities agreed to contract with Prime for Prime to administer an outsourced
16  solution for leave of absence and disability accommodation administration. Prime then built a
17  highly effective, compliant leave of absence and disability accommodation program.  By mid-
18  2024, Prime needed to scale its program due to the rapid growth of the employee population it
19  serviced, and it decided to do so by contracting with a third-party administration specialist.  Prime
20  proceeded to conduct a Request for Proposals, making clear to potential vendors that it would only
21  select an administrator that could replicate Prime's existing, effective workflows.

22         4.     Sedgwick, a company that offers third-party claims and benefits administration
23  services, marketed itself to Prime as having all the tools, personnel, and expertise to do exactly
24  that.  On information and belief, Sedgwick knew when it made these representations to Prime that
25  it did not have the tools, personnel, and expertise—and would not engage the resources
26  necessary—to replicate Prime's program.  Relying on Sedgwick's false representations, and with
27  no written contractual agreement in place, Prime allowed Sedgwick to begin administering the
28  leave of absence and disability accommodation program on June 1, 2025.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

Exh. 1 - 9

5.     From the first day, Sedgwick utterly failed in its performance.  It deployed a junior, inexperienced implementation team, overloaded case managers with staggering caseloads, and committed basic errors in leave and accommodation administration.  It was clear that Sedgwick was not remotely prepared to take on the duties it had agreed to.  Months after the go-live date, Sedgwick was still training its staff on the basics of Family and Medical Leave Act ("FMLA") and Americans with Disabilities Act ("ADA") administration.  As a result of Sedgwick's incompetence and failures, Prime was forced to urgently audit, fix, and rebuild the program at significant cost to Prime.

6.     Despite Prime's efforts to correct Sedgwick's errors, Sedgwick's acts and omissions in the course of incompetently administering the program have led to employee grievances and complaints regarding leave and accommodation requests that were improperly addressed by Sedgwick.  Sedgwick's failures and incompetence have harmed Prime.

7.     By this action, Prime seeks a declaration that Sedgwick is obligated to indemnify Prime for third-party losses proximately caused by Sedgwick and that Prime owes nothing on Sedgwick's invoices.  Prime placed its trust in Sedgwick to competently administer its leave and accommodation program, but Sedgwick clearly was incapable of doing so and completely failed to live up to its promises.  Prime therefore also seeks to be made whole through compensatory and consequential damages, including the costs incurred with respect to remediation, auditing, re-implementation, transition, internal labor, consulting, and third-party claims.

## PARTIES

8.     Plaintiff Prime Healthcare Management, Inc. is a California corporation with its principal place of business in Ontario, California.

9.     Defendant Sedgwick Claims Management Services, Inc. is an Illinois corporation with its principal place of business in Memphis, Tennessee.  Sedgwick is registered with the California Secretary of State as an out-of-state corporation.  On information and belief, Sedgwick markets and sells claims and benefits administration services in California, and transacts business with California clients related to its administration of those claims and benefits administration services.

Exh. 1 - 10

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

## JURISDICTION AND VENUE

10.     The Court has jurisdiction in this matter pursuant to California Code of Civil Procedure section 410.10 and California Constitution, Article VI, section 10.  Section 410.10 of the Code of Civil Procedure provides that California state courts "may exercise jurisdiction on any basis not inconsistent with the Constitution of [California] or of the United States."  The exercise of jurisdiction by California is constitutionally permitted here because Sedgwick perpetrated its fraud in California.  Personal jurisdiction over Sedgwick is proper because Sedgwick purposefully availed itself of the California forum by registering as an out-of-state corporation with the California Secretary of State, by soliciting and conducting business with Prime in California, by providing and attempting to provide services to Prime's California operations and employees, and by committing tortious conduct in whole or in part in California that caused foreseeable harm to Prime in California.

11.     Venue is proper in Los Angeles County because Prime's injuries occurred in part in Los Angeles County.  In addition, because Sedgwick does not reside in California, Los Angeles County is a proper venue.  Cal. Civ. Proc. Code § 395(a).

## FACTUAL BACKGROUND

**A.     Prime Operates Leave and Disability Program and Needs to Scale**

12.     Prior to June 2025, Prime operated a leave of absence and disability accommodation program on behalf of the hospitals and other facilities within the Prime Healthcare network.  Prime specifically tailored this program and the processes implementing it to meet federal and state requirements as well as Prime's operational needs, and the program was extremely effective under Prime's management.

13.     As Prime's workforce continued to grow, Prime explored utilizing a third-party administrator capable of replicating Prime's existing workflows, including handling pregnancy-related leaves, California Family Rights Act ("CFRA")/FMLA coordination, and the ADA interactive process with a focus on timely and accurate determinations and compliant employee communications.

**B.**   **Sedgwick Responds to Prime's Request for Proposals and Touts Its Expertise**

14.   In or around August 2024, Prime began the Request for Proposals process to locate a competent third-party administrator. Prime made clear to potential third-party vendors, including Sedgwick, that it was only interested in hiring a vendor that could replicate Prime's extremely effective program and processes.

15.   Sedgwick made a bid in or around September 2024 to become Prime's third-party administrator. In marketing its services to Prime, Sedgwick touted its purported subject-matter expertise in administering FMLA, CFRA, ADA, and related programs at scale, and represented that it could implement and operate a program and processes aligned with Prime's specifications. Sedgwick further represented that it had the systems, personnel, managers, and controls necessary to deliver compliant, end-to-end administration.

16.   On information and belief, Sedgwick knew that it did not have the systems, personnel, managers, and controls necessary to deliver compliant, end-to-end administration as promised to Prime.

**C.**   **Sedgwick Proceeds to Administer the Program Without a Written Contract**

17.   While Prime and Sedgwick exchanged draft agreements and redlines beginning in September 2024 in an attempt to negotiate a potential long-form master services agreement, the parties disagreed on fundamental provisions and never executed a written agreement.

18.   Nonetheless, on or around October 31, 2024, the parties began working together without a written contract in place. The parties proceeded on a shared understanding regarding the scope of services and workflows. In short, Sedgwick would administer Prime's leave of absence and disability accommodation program in accordance with Prime's specifications and applicable law. Prime would provide the access, information, and cooperation necessary for Sedgwick's performance, and Prime would compensate Sedgwick for Sedgwick's performance in conformance with Prime's specifications and with applicable law.

19.   The implementation process began shortly thereafter on or around November 20, 2024. In or around March 2025, Sedgwick assigned a leadership team. In the weeks leading up to the June 1, 2025 "go-live" date, Prime raised concerns around Sedgwick's staffing of the program.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX (310) 552-8400

Exh. 1 - 12

20.     Sedgwick began to administer Prime's leave of absence and disability accommodation program and processes beginning on or around the June 1, 2025 "go-live" date.

21.     Both before and after this June 1, 2025 "go-live" date, Prime repeatedly communicated its specifications and expectations to Sedgwick, and Sedgwick confirmed it would align with those requirements.

**D.     Sedgwick's Incompetence Becomes Apparent Immediately After Go-Live Date**

22.     Beginning immediately on the go-live date, however, material failures emerged in Sedgwick's administration of the leave and accommodation program that were inconsistent with Sedgwick's representations.  Among other things:

   **(a)**   Sedgwick assigned an implementation team that lacked the experience and expertise necessary to design and configure the custom program required to administer the leave and accommodation program.  Sedgwick's inexperienced team failed to build the custom program correctly, and Prime had to remediate Sedgwick's errors.

   **(b)**   Sedgwick staffed the program with case managers carrying unreasonably high caseloads.  Sedgwick's inappropriate staffing made timely, accurate, and compliant program administration impracticable, and as a result, Prime had to utilize its resources to address Sedgwick's staffing issues.

   **(c)**   Sedgwick made basic errors in designating leave types and in splitting leaves correctly, and its personnel failed to understand fundamental concepts, including, for example, the difference between work restrictions and reasonable accommodations. Again, Prime had to step in and remediate.

**E.     Sedgwick's Material Failures Continue in the Months Following the Go-Live Date**

23.     Months after the June 1, 2025 go-live date, Sedgwick's personnel inexplicably continued to receive training on foundational, basic FMLA and ADA concepts, and service deficiencies persisted.  Prime was forced to conduct audits and ongoing remediation of Sedgwick's unacceptable work product.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4600   FAX: (310) 552-8400

Exh. 1 - 13

**F.**    **Sedgwick's Failures Harmed Prime**

24.    Because Sedgwick could not perform as it had represented and could not satisfy the requirements it had agreed to undertake, Prime repeatedly demanded staffing changes and re-implementation.  Prime itself had to design and build program elements for Sedgwick, supervise corrective work, and invest substantial internal resources to mitigate the growing risk caused by Sedgwick's incompetence.

25.    As a direct and foreseeable consequence of Sedgwick's misrepresentations and mishandling of leave and accommodation administration, Prime has faced increased employee grievances and complaints.

26.    Despite Sedgwick's material deficiencies and unacceptable administration efforts forcing Prime to undertake extensive remediation work at its own cost and to take on significant liabilities and risks, Sedgwick has proceeded to bill Prime nearly $1,000,000 for Sedgwick's unacceptable work.  Prime disputes that it is required to pay Sedgwick any amount given (i) Sedgwick's utter failure to deliver on its promises and (ii) the costs that Sedgwick has required Prime to incur in order to remedy the harm Sedgwick has caused.

27.    Prime has incurred and continues to incur losses, including, but not limited to, internal labor and consulting time devoted to remediation and re-implementation, transition costs, and defense, investigation, and resolution costs associated with employee claims caused by Sedgwick's conduct.

## FIRST CAUSE OF ACTION

### *(Fraud – Intentional Misrepresentation, Concealment)*

28.    Plaintiff hereby repeats, realleges, and incorporates by reference each and every allegation as fully set forth in this Complaint, and further alleges as follows.

29.    As set forth above, during the Request for Proposals process in 2024, Sedgwick made numerous false or misleading representations to Prime, as well as several material omissions, which were intended to and did induce Prime to engage Sedgwick to administer Prime's leave and accommodation program.  Sedgwick represented to Prime that (i) it could implement and operate a program aligned with Prime's specifications and (ii) that it had the

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

Exh. 1 - 14

1   systems, personnel, managers, and controls necessary to deliver compliant, end-to-end

2   administration.

3       30.    Sedgwick represented to Prime that the above representations were true and

4   accurate.  However, Sedgwick's representations were false and, on information and belief,

5   Sedgwick knew them to be false at the time that they were made.  Additionally, on information

6   and belief, Sedgwick did not intend to perform these promises at the time they were made nor

7   devote the resources necessary to properly implement the programs for Prime.

8       31.    The above misrepresentations and material omissions were intended to and did

9   induce Prime to rely on them.

10      32.    Prime justifiably relied on Sedgwick's misrepresentations.

11      33.    As a direct and proximate result of Sedgwick's misrepresentations, Prime has

12  suffered damages in an amount to be proven at trial.

13      34.    Prime is also entitled to punitive damages as a result of Sedgwick's fraudulent

14  conduct.

15                        **SECOND CAUSE OF ACTION**

16  *(Negligent Misrepresentation – pled in the alternative to Intentional Misrepresentation)*

17      35.    Plaintiff hereby repeats, realleges, and incorporates by reference each and every

18  allegation as fully set forth in this Complaint, and further alleges as follows.

19      36.    As set forth above, Sedgwick made numerous false or misleading representations to

20  Prime, as well as several material omissions, which were intended to and did induce Prime to

21  allow Sedgwick to administer Prime's leave and accommodation program.  Sedgwick represented

22  to Prime that (i) it could implement and operate a program aligned with Prime's specifications and

23  (ii) that it had the systems, personnel, managers, and controls necessary to deliver compliant, end-

24  to-end administration.

25      37.    Sedgwick's representations described above were not true when made.

26      38.    When Sedgwick made the false or misleading representations described above,

27  Sedgwick had no reasonable grounds for believing them to be true.

28      39.    Prime reasonably and justifiably relied on these misrepresentations and trusted

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX (310) 552-8400

Exh. 1 - 15

1  Sedgwick with its leave and accommodation program administration as a result.

2      40.    Prime was harmed as a result of Sedgwick's misrepresentations and had Prime

3  known that these were false representations, it never would have entrusted Sedgwick with its leave

4  and accommodation program.

5      41.    Prime's reliance on Sedgwick's misrepresentations was a substantial factor in

6  causing Prime's harm.

7      42.    As a direct and proximate result of Sedgwick's negligent misrepresentations, Prime

8  has suffered damages in an amount to be proven at trial.

9  **THIRD CAUSE OF ACTION**

10  *(Negligence)*

11      43.    Plaintiff hereby repeats, realleges, and incorporates by reference each and every

12  allegation as fully set forth in this Complaint, and further alleges as follows.

13      44.    Sedgwick undertook to provide specialized leave and accommodation

14  administrative services on behalf of Prime.  By undertaking administration of Prime's leave and

15  accommodation program, Sedgwick owed a duty of reasonable care to perform those services in a

16  competent, workmanlike, and compliant manner consistent with industry standards and statutory

17  requirements.

18      45.    Sedgwick breached that duty by, among other things, deploying an inexperienced

19  implementation team, incorrectly building core workflows, assigning case managers to too many

20  cases, committing basic errors in splitting leaves, failing to properly conduct the ADA interactive

21  process, and failing to adequately train those employees assigned to the implementation team.

22  Sedgwick was completely incapable of handling the duties it had agreed to undertake.

23      46.    As a direct and proximate result of Sedgwick's negligence, Prime suffered and will

24  continue to suffer damages in an amount to be proven at trial.

25  **FOURTH CAUSE OF ACTION**

26  *(Breach of Implied-in-Fact Contract)*

27      47.    Plaintiff hereby repeats, realleges, and incorporates by reference each and every

28  allegation as fully set forth in this Complaint, and further alleges as follows.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Exh. 1 - 16

48.     Prime and Sedgwick, through their words and conduct, mutually assented to and entered into an implied-in-fact contract whereby Sedgwick would administer Prime's leave of absence and disability accommodation program in accordance with Prime's specifications in a competent and compliant manner consistent with applicable law and industry standards, and within agreed-upon implementation timelines. Prime, in turn, would provide the information, access, cooperation, and support necessary for Sedgwick's performance and would pay compensation at agreed or reasonable rates for services performed in conformity with these requirements.

49.     Prime fully performed, or was excused from performance, under the implied-in-fact contract, including by providing timely specifications, feedback, access, implementation support, and opportunities to cure, and by undertaking remediation and implementation efforts necessitated by Sedgwick's deficiencies.

50.     Sedgwick breached the implied-in-fact contract by failing to competently and compliantly administer Prime's leave and accommodation program, including by, among other things, deploying an inexperienced implementation team, incorrectly building core workflows, assigning case managers to too many cases, committing basic errors in splitting leaves, failing to conduct the ADA interactive process, and failing to adequately train those employees assigned to the implementation team.

51.     As a direct and proximate result of Sedgwick's breaches, Prime has suffered damages in an amount to be proven at trial, including, but not limited to, internal remediation and implementation costs, transition costs, consulting and auditing expenses, and costs associated with investigating and addressing employee complaints and claims, in addition to other consequential and incidental damages.

52.     Sedgwick's material breaches excuse any further performance by Prime, including any obligation to pay Sedgwick's invoices, and entitle Prime to recover all damages proximately caused by Sedgwick's breaches.

Exh. 1 - 17

## FIFTH CAUSE OF ACTION

### *(Declaratory Relief)*

53.    Plaintiff hereby repeats, realleges, and incorporates by reference each and every allegation as fully set forth in this Complaint, and further alleges as follows.

54.    An actual, present controversy exists between Prime and Sedgwick regarding, among other things, whether Sedgwick is obligated to indemnify Prime from third-party losses proximately caused by Sedgwick's negligent, reckless, and/or fraudulent conduct in administering FMLA/CFRA leaves and ADA accommodations on Prime's behalf.

55.    Prime seeks a declaration that Sedgwick is obligated to indemnify Prime for third-party losses proximately caused by Sedgwick and that Prime owes nothing on Sedgwick's invoices.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Prime respectfully requests that judgment be entered in its favor and against Defendant Sedgwick, and that the Court award the following relief:

(1)    For compensatory damages in an amount to be proven at trial, including pre-judgment interest;

(2)    For rescission of the parties' implied-in-fact contract because of Sedgwick's fraudulent inducement;

(3)    For incidental and consequential damages in an amount to be proven at trial;

(4)    For punitive and exemplary damages;

(5)    For a declaration that Sedgwick is obligated to indemnify Prime for third-party losses proximately caused by Sedgwick and that Prime owes nothing on Sedgwick's invoices;

(6)    For costs of suit, including attorneys' fees where authorized by law; and

(7)    For such other and further relief as the Court may deem just and proper.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400    FAX (310) 552-8400

Exh. 1 - 18

1    DATED:  December 15, 2025      MILLER BARONDESS, LLP

2

3                                  By: 

4                                    AMNON Z. SIEGEL

5                                    Attorneys for Plaintiff
                                   PRIME HEALTHCARE MANAGEMENT,

6                                    INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

12
COMPLAINT

Exh. 1 - 19

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all claims and issues so triable.

DATED:  December 15, 2025          MILLER BARONDESS, LLP

By:  _[signature]_ _____
     AMNON Z. SIEGEL
     Attorneys for Plaintiff
     PRIME HEALTHCARE MANAGEMENT,
     INC.

Exh. 1 - 20

| Attorney or Party without Attorney:<br>AMNON Z. SIEGEL (SBN 234981)<br>MILLER BARONDESS, LLP<br>2121 Avenue of the Stars, Suite 2600<br>Los Angeles, California, 90067<br>  _Telephone No:_  (310) 552-4400<br>  _Attorney For:_  Plaintiff | FOR COURT USE ONLY |
|---|---|

| _Insert name of Court, and Judicial District and Branch Court:_<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF LOS ANGELES, CENTRAL DISTRICT | |
|---|---|

| PLAINTIFF / PETITIONER:   PRIME HEALTHCARE MANAGEMENT, INC., a California corporation,<br>DEFENDANT / RESPONDENT:   SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., an Illinois corporation | CASE NUMBER:<br>25STCV36464 |
|---|---|

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>1265-020 |
|---|---|

1. _At the time of service I was at least 18 years of age and not a party to this action._

2. I served copies of the Summons and Complaint; Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location (Certificate of Grounds for Assignment to Courthouse Location); Notice of Case Assignment- Unlimited Civil Case; Alternative Dispute Resolution (ADR) Information Package

3. _a._   Party served:   SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., an Illinois corporation
   _b._   Person served:   Glenda Sheppard, authorized to accept service for CSC, Registered Agent

4. _Address where the party was served:_   2908 Poston Avenue, Nashville, TN 37203

5. _I served the party:_
   a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on _(date)_: Wed, Dec 17 2025 (2) at _(time)_: 11:55 AM

   (1)  [X]  (business)
   (2)  [ ]  (home)
   (3)  [ ]  (other) :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  [ ]   as an individual defendant.
   b.  [ ]   as the person sued under the fictitious name of _(specify)_:
   c.  [ ]   as occupant.
   d.  [X]   On behalf of _(specify)_:   SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., an Illinois corporation
   under the following Code of Civil Procedure section:

   [X]  416.10 (corporation)                    [ ]  415.95 (business organization, form unknown)
   [ ]  416.20 (defunct corporation)            [ ]  416.60 (minor)
   [ ]  416.30 (joint stock company/association) [ ]  416.70 (ward or conservatee)
   [ ]  416.40 (association or partnership)      [ ]  416.90 (authorized person)
   [ ]  416.50 (public entity)                   [ ]  415.46 (occupant)
   [ ]  other:



| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | **PROOF OF<br>SERVICE<br>SUMMONS** | _14803352_<br>_(17584627 )_<br>Page 1 of 2 |
|---|---|---|

Exh. 1 - 21

| | | |
|---|---|---|
| *Plaintiff:* | PRIME HEALTHCARE MANAGEMENT, INC., a California corporation, | *Case Number:* |
| *Defendant:* | SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., an Illinois corporation | 25STCV36464 |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a.  Name:                          Marcus Watson
   b.  Address:                     **FIRST LEGAL**
                                            1517 W. Beverly Blvd.
                                            LOS ANGELES, CA 90026
   c.  Telephone number:      (213) 250-1111
   d.  **The fee** for service was:   $305.43
   e.  I am:
       (1)  [X]  not a registered California process server.
       (2)  [ ]  exempt from registration under Business and Professions Code section 22350(b).
       (3)  [ ]  a registered California process server:
             (i)  [ ] owner  [ ] employee  [ ] independent contractor
             (ii)  Registration No:
             (iii)  County:

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| | |
|---|---|
| 12/18/2025 | *(signature)* |
| *(Date)* | *Marcus Watson* |

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE SUMMONS**

*14803352*
*(17584627 )*
Page 2 of 2

Exh. 1 - 22

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Amnon Z. Siegel / Michael A. Hale    SBN: 234981 / 319056<br>MILLER BARONDESS, LLP<br>2121 Avenue of the Stars, Suite 2600, Los Angeles, CA 90067<br>TELEPHONE NO.: (310) 552-4400    FAX NO.: (310) 552-8400<br>EMAIL ADDRESS: asiegel@millerbarondess.com / mhale@millerbarondess.com<br>ATTORNEY FOR (Name): Plaintiff Prime Healthcare Management, Inc. | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>12/15/2025 4:51 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By C. Cervantes, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: Prime Healthcare Management, Inc. v. Sedgwick Claims Management Services, Inc.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] Limited<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 25STCV36464 |
| | | | JUDGE: |
| | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[X] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): 5
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)
Date: December 15, 2025

Amnon Z. Siegel
(TYPE OR PRINT NAME)                    ▶         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

Exh. 1 - 23

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fts both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil harassment)* (08)
 Defamation (e.g., slander, libel) (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
   Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic
   relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Westlaw Doc & Form Builder

Exh. 1 - 24

| SHORT TITLE | Prime Healthcare Management, Inc. v. Sedgwick Claims Management Services, Inc | CASE NUMBER 25STCV36464 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A Civil Case Cover Sheet Case Type | B Type of Action (check only one) | C Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

Exh. 1 - 25

| SHORT TITLE Prime Healthcare Management, Inc. v. Sedgwick Claims Management Services, Inc | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☒ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

Exh. 1 - 26

| SHORT TITLE Prime Healthcare Management, Inc. v. Sedgwick Claims Management Services, Inc | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation     Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE Prime Healthcare Management, Inc. v. Sedgwick Claims Management Services, Inc | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

Exh. 1 - 28

| SHORT TITLE  Prime Healthcare Management, Inc. v. Sedgwick Claims Management Services, Inc | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>111 N Hill St, Los Angeles |
|---|---|
| CITY:   Los Angeles | STATE:  CA | ZIP CODE:  90012 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____Central_____ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: ___12/15/25___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 01/23          **CIVIL CASE COVER SHEET ADDENDUM**          LASC Local Rule 2.3
For Mandatory Use                 **AND STATEMENT OF LOCATION**

Exh. 1 - 29

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/15/2025**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By _____ C. Cervantes _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>25STCV36464 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Bradley S. Phillips | 26 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record     David W. Slayton, Executive Officer / Clerk of Court

on 12/16/2025 _____                     By C. Cervantes _____, Deputy Clerk
     (Date)

LACIV 190 (Rev 6/18)                     **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

Exh. 1 - 30

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Exh. 1 - 31



**Superior Court of California, County of Los Angeles**
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

---

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

---

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

Exh. 1 - 32

<u>**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**</u>

Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

Exh. 1 - 33

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

Exh. 1 - 34